1   SEAN K. KENNEDY (No. 145632)
    Federal Public Defender
2   (E-mail:  Sean_Kennedy@fd.org)
    GIA KIM (No. 237326)
3   Deputy Federal Public Defender
    (E-mail:  Gia_Kim@fd.org)
4   321 East 2nd Street
    Los Angeles, California  90012-4202
5   Telephone (213) 894-4408
    Facsimile (213) 894-0081
6
7   Attorneys for Petitioner
    JAMES DANIEL FUENTES
8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12

13  JAMES DANIEL FUENTES,            )   NO. ED CV 09-1041-CJC (RZ)
                                     )
14              Petitioner,          )   **Petitioner's Brief on Conditions of
                                     )   Potential Release; Declaration of
15        v.                         )   Gia Kim**
                                     )
16  FERNANDO GONZALES, Warden,       )   Hearing Date:    March 1, 2010
                                     )   Hearing Time:    3:00 p.m.
17              Respondent.          )
    _____   )

18

19

20

21

22

23

24

25

26

27

28

1 **Memorandum of Points and Authorities**

2 **Introduction**

3        Pursuant to the Court's minute order of January 22, 2010 (CR 30),[1] counsel for

4 Petitioner James Fuentes hereby files this brief regarding the proper conditions of any

5 possible release pending Respondent's appeal of this Court's grant of Mr. Fuentes's

6 habeas petition.  Petitioner submits that the following conditions are appropriate in

7 light of his background and his family's limited financial resources, and that these

8 conditions will adequately safeguard against any possibility of flight and danger to the

9 public stemming from his release pending appeal.

10 **Proposed Conditions**

11        1.    Petitioner shall reside with Tonja Anderson-Vargas or maintain another

12              residence approved by Pretrial Services, and may not relocate without

13              prior permission of Pretrial Services.

14        2.    Petitioner is subject to home confinement with electronic monitoring.

15              Petitioner must remain at home except for pre-approved absences for

16              court obligations, employment, education, and medical treatment.

17        3.    Petitioner is subject to Intensive Pretrial Supervision.

18        4.    Petitioner is to surrender all passports to Pretrial Services, or sign and

19              submit a declaration that he has no valid passport, and he shall not apply

20              for the issuance of a passport during the pendency of this case.

21        5.    Petitioner shall not travel outside the Central District of California.

22        6.    Petitioner shall not enter the premises of any airport, seaport, railroad, or

23              bus terminal which permits exit from the continental United States or

24              area of restricted travel without prior Court permission.

25

26        [1] "CR" refers to the District Court Clerk's Record and is followed by the
applicable docket control number.  "CT" refers to the Clerk's Transcript filed in the
27 California Court of Appeal as part of the state court proceedings in this case.  "RT"
refers to the Reporter's Transcript filed in the California Court of Appeal as part of the
28 state court proceedings in this case.  Both the Clerk's Transcript and Reporter's
Transcript were lodged in the District Court at CR 40.

1           7.      Petitioner shall not associate with any person whom he knows to be a

2                  member of the West Side Verdugos gang.

3    **Argument**

4         Petitioner argued in his Opposition to Continued Stay Pending Appeal that

5    Respondent had failed to show more than a mere possibility of flight risk and

6    dangerousness, and that any risk of irreparable injury could be minimized through

7    appropriate controlling conditions.  (CR 28 at 6-8.)  Proposed Conditions 1-3 address

8    both flight and dangerousness.  Condition 1 requires Petitioner, who had just turned

9    17 at the time of the shooting and is now 23 years old (CT 1-3), to live with his

10   supportive mother.  According to Pretrial Services, Condition 2, home confinement

11   with electronic monitoring, can provide "real-time monitoring of the defendant's

12   compliance with restrictions on his/her whereabouts" which "provides an added

13   measure of . . . accountability."  *See* http://www.cacpt.uscourts.gov/supervision.html#

14   (last visited Jan. 29, 2010).  Although Petitioner reiterates that his incentive to flee is

15   reduced by the strength of his case on the merits, his lifelong ties to San Bernardino

16   County, and the State's inability to retry him if he is successful on appeal (CR 28 at 2-

17   7), he proposes this stringent home confinement condition in light of the admittedly

18   serious nature of his state-court conviction and the lengthy sentence imposed.

19   Condition 3, Intensive Pretrial Supervision, will help make sure that Petitioner is in

20   compliance with the proposed residential, travel, and associational restrictions.

21        The standard travel restrictions in proposed Conditions 4-6, which would be

22   superfluous if home confinement is imposed, further ensure against Petitioner's flight.

23        Condition 7, which would prohibit Petitioner from associating with members of

24   the West Side Verdugos gang, takes into account the allegedly gang-related nature of

25   Petitioner's crime of conviction.  At trial, gang expert Marco Granado opined that

26   Petitioner was an active member of the West Side Verdugos and that the 2003

27   shooting of Francisco Ferreira by Melecio Reyes was for the benefit of the West Side

28   Verdugos.  (4 RT 882, 889.)  This condition, coupled with home confinement with

1 | electronic monitoring, will ensure that Petitioner does not pose any threat to the public
2 | through gang-related activities.

3 |      Petitioner's family is of modest means and cannot sign secured bonds justified
4 | with deeding of property.  (Decl. of Gia Kim at ¶ 2.)  Neither Tonja Anderson-Vargas,
5 | Petitioner's mother, nor Laura Fuentes, Petitioner's 25-year-old sister, owns their
6 | current residences.  (Decl. of Gia Kim at ¶ 2.)  Although Ms. Anderson-Vargas has
7 | minimal assets at the present, and is therefore unable to put down a cash deposit for a
8 | bond, she is willing to sign an affidavit of surety for an appearance bond in an amount
9 | to be set by the Court.  (Decl. of Gia Kim at ¶ 2.)  However, the limited financial
10 | resources of Mr. Fuentes's family should not overcome the "presumption of release
11 | from custody" pending appeal created by Federal Rule of Appellate Procedure 23(c)
12 | in cases where the district court has granted relief to a habeas petitioner.  *Hilton v.*
13 | *Braunskill*, 481 U.S. 770, 774, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987).  In fact, Rule
14 | 23(c) provides that "[w]hile a decision ordering the release of a prisoner is under
15 | review, the prisoner must -- unless the court or judge rendering the decision, or the
16 | court of appeals, or the Supreme Court, or a judge or justice of either court orders
17 | otherwise -- be released on personal recognizance, *with or without surety*."  Fed. R.
18 | App. P. 23(c) (emphasis added).  Petitioner submits that in light of his strong ties to
19 | the jurisdiction and the other restrictive conditions proposed, no justification of surety
20 | should be required as a condition of release.
21 | **Conclusion**
22 |      For the foregoing reasons, Petitioner respectfully requests that this Court order
23 | Petitioner's release pursuant to the conditions proposed above.
24 |                                        Respectfully submitted,
25 |                                        SEAN K. KENNEDY<br>Federal Public Defender
26 |
27 | DATED:  February 1, 2010              By _____/s/_____
28 |                                        GIA KIM<br>Deputy Federal Public Defender

1

**Declaration of Gia Kim**

2

3      I, Gia Kim, hereby state and declare as follows:

4      1.      I am appointed counsel for petitioner James Fuentes.  (CR 23.)

5      2.      I spoke with Tonja Anderson-Vargas, Petitioner's mother, on January 4,

6  2010, and February 1, 2010, regarding possible bond resources.  On both occasions,

7  Ms. Anderson-Vargas informed me that she does not have any assets to put up as a

8  deposit on a bond.  She further informed me that both she and her adult daughter,

9  Laura Fuentes (age 25), rent their residences and therefore cannot post a deed to

10  property to secure a bond.  However, Ms. Anderson-Vargas indicated that she is

11  willing to sign an unjustified affidavit of surety in an amount set by the Court.

12

13      I declare under penalty of perjury that the foregoing is true and correct to the

14  best of my knowledge.

15

16   DATED: February 1, 2010                    _____/s/_____
                                                GIA KIM
17

18

19

20

21

22

23

24

25

26

27

28

4